**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ANGEL SHAPIRO, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

    *Plaintiff,*

    -against-

JOHN DOE CORP. I (D/B/A IHOP), AND VENICE GRIFFIN,

    *Defendants.*

---

Hon. Jesse M. Furman

Civil Action No. 1:22-cv-5022-JMF

<br>

## **DEFENDANTS' MOTION TO DISMISS**

## **ORAL ARGUMENT REQUESTED**

<br>

**GORDON, REES, SCULLY, & MANSUKHANI, LLP**

Claudia Costa
One Battery Park Plaza, 28th Floor
New York, NY 10004
(212)-453-0779
*Attorney for Defendant*s

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................ 1

PROCEDURAL HISTORY.................................................................................... 1

STATEMENT OF FACTS ...................................................................................... 2

ARGUMENT ........................................................................................................ 3

    I.      STANDARD OF REVIEW ................................................................. 3

    II.    GRIFFIN WAS NOT AN EMPLOYER.............................................. 4

        A.    GRIFFING IS NOT A JOINT EMPLOYER.............................. 4

        B.    GRIFFIN IS NOT A SINGLE EMPLOYER................................ 6

    III.   THE FIRST && SECOND CLAIMS OF FAILURE TO PAY MINIMUN WAGE MUST BE DISMISSED ....................................... 7

    IV.   THIS COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING CLAIMS .................................... 10

CONCLUSION.................................................................................................... 11

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arculeo v. On-Site Sales & Marketing, LLC.,*
   425 F.3d 198 (2d Cir, 2005) ................................................................................. 7

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ................................................................................... 3, 6, 8

*Barett v. Michael Stapleton Assocs.,*
   17-cv-5468 (AJN) 2018 WL 3962931 (S.D.N.Y. Aug. 17, 2018) ............................ 6

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ......................................................................................... 3, 8

*Bustillos v. Acad Bus, LLC,*
   13 Civ. 565 (AJN), 2014 WL 116012 (S.D.N.Y. Jan. 13, 2014) ........................... 10

*Carter v. Dutchess Community College,*
   735 F.2d 8 (2d Cir. 1984) ...................................................................................... 5

*Cook v. Arrowsmith Shelburne, Inc.,*
   69 F.3d 1240 (2d Cor. 1995) ................................................................................. 7

*DeJesus v. HF Mgmt., Services, LLC,*
   726 F.3d 85 (2d Cir. 2013) .................................................................................. 10

*Dellatte v. Great Neck Union Free Sch. Dist.,*
   2012 U.S. App. LEXIS 1139 (2d Cir. Jan. 20, 2012) ............................................. 3

*Dudley v. N.Y. City. Hous. Auth.,*
   No. 14 Civ. 5116 (PGG), 2017 U.S. Dist. LEXIS 157504 (S.D.N.Y. Sept. 25, 2017) ............. 10

*Fridman v. GCS Comptus, LLC,*
   17 Civ. 6698, 2018 WL 1581990 (S.D.N.Y. Mar. 27, 2018) ................................... 9

*Harvin v. Manhattan & Bronx Surface Transit Operating Auth.,*
   767 Fed. Appx. 123 (2d Cir. 2019) ........................................................................ 3

*Irizarry v. Catsimatidis,*
   722 F.3d 99 (2d Cir. 2013) .................................................................................... 5

*James v. Countrywide Financial Corp.,*
   No. 10-CV-4953 (DRH)(WDW), 2012 U.S. Dist. LEXIS 12838 (E.D.N.Y. Feb. 2, 2012) ....... 3

*Jiamjun Chun v. 2425 Chao Rest., LLC,*
   No. 1:16-cv-5735-GHW-2017 WL 260005 .......................................................... 6

*Klein & Co. Futures v. Bd. of Trade of City of N.Y.,*
   464 F.3d 255 (2d Cir. 2006) ............................................................................. 10

*L-7 Designs, Inc. v. Old Navy, LLC,*
   647 F.3d 419 (2d. Cir. 2011) .............................................................................. 3

*Lawrence v. Int'l Bus. Mach. Corp.,*
   12-cv-8433 (DLC), 2017 U.S. Dist. LEXIS 120804 WL 3278917 (S.D.N.Y. Aug. 1, 2017) .... 5

*Lundy v. Catholic Health Sys, of Long Island, Inc.,*
   711 F.3d 106 (2d Cir. 2013) ................................................................................ 8

*MediSys Health Network, Inc.,*
   10-cv-1342 (SJF) (ARL) 2012 WL 3027838 (E.D.N.Y., July 24, 2012) ................................ 5

*Nakahata v. New York-Presbyterian Healthcare Sys.,*
   723 F.3d 192 (2d Cir. 2013) ................................................................................ 9

*NLRB v. Solid Waste Servs.,*
   38 F.3d 93 (2d Cir. 1994) .................................................................................... 4

*Orellana v. Real Innovative Construction, LLC,*
   18 Civ. 8396 (VEC)(RWL) 2020 WL 1033535 (S.D.N.Y. Feb. 6, 2020) ................................ 6

*Popat v. Levy,*
   253 F. Supp.3d 527 (W.D.N.Y. 2017) ................................................................... 7

*Santana v. Fishlegs,*
   13 Civ. 01628 (LGS), 2013 WL 5951438 (S.D.N.Y. Nov. 7. 2013) ......................................... 6

*Shi v. N.Y. Dep't of State, Div. of Licensing Servs.,*
   393 F. Supp. 3d 329 (S.D.N.Y. 2019) ................................................................. 10

*Shiflett v. Scores Holding Co.,*
   601 Fed. Appx. 28 (2d Cir. 2015) ....................................................................... 5

*St. Jean v. Orient-Express Hotels, Inc.,*
   963 F. Supp. 2d 301 (S.D.N.Y. 2013) ................................................................... 5

*Valencia ex rel. Franco v. Lee,*
   316 F.3d 299 (2d Cir. 2003) ............................................................................... 10

*Williams v. N.Y. City Health & Mental Hygiene,*
   299 F. Supp. 3d 418 (S.D.N.Y. 2018) ................................................................. 10

**Statutes**

28 U.S.C. § 1367(c)(3) ................................................................................................ 10

29 U.S.C. § 201 .......................................................................................................... 4

NY Lab Law, §652 ...................................................................................................... 4

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ............................................................... 1, 3, 9

**Preliminary Statement**

Defendants herein move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12 (b) (6). As more fully set forth herein, Plaintiff filed the within action alleging violations of the Fair Labor Standards Act ("FLSA") and New York State Labor Laws ("NYLL"). Plaintiff purports to bring this matter as a collective action on behalf of himself and those similarly situated for alleged failure to pay minimum or overtime wages and provide wage notices.

As fully set forth herein, Plaintiff's Complaint should be dismissed because it speaks in generalities and does nothing but set forth boilerplate language. Plaintiff cannot even identify his alleged employer. Plaintiff is proceeding against a John Doe entity and an individual Venice Griffin ("Griffin"), but fails to identify the specifics as to what each purportedly did. Plaintiff's Complaint is a mere recitation of the statutory language without specifics. As argued herein, that is not sufficient to withstand a Motion to Dismiss. It is therefore respectfully requested that such generalized, conclusory, group allegations are insufficient to set forth a cause of action of violations of the FLSA and NYLL and Plaintiff's Complaint should thus be dismissed.

**Procedural History**

On or about June 15, 2022, Plaintiff filed a Complaint against John Joe Corporation and Griffin. Apparently, Griffin was served with the Complaint. The Sheriff is unable to serve a John Doe entity.

On or about August, 22, 2022, Plaintiff sought the entry of a default against Griffin. On August 23, 2022, The Court granted *nunc pro tunc* the ability for Defendants to file a responsive pleading up and until September 6, 2022. The within motion to dismiss was then filed.[1]

---

[1] The John Doe entity has not been named in the Complaint. Should the Court not dismiss the Complaint, the unidentified entity should be permitted to move to dismiss.

## **Statement of Facts**

Without identifying his actual employer, Plaintiff claims that he was employed by both Defendants at a restaurant located at 235 E. 14th St., #237, New York, NY 1003 from approximately March 27, 2022. (Para. 6, Complaint). Plaintiff identifies his place of employment as an IHOP restaurant. (Para. 6, Complaint).

Plaintiff asserted this action against two Defendants, Griffin and a John Doe Corporation. Despite failing to identify the entity that actually employed him, Plaintiff then goes on to allege that the Defendants collectively, own and operate, control the IHOP, possess operational control over the unidentified corporate entity and possess an ownership interest in the Corporate Defendants. Without more, Plaintiff alleges that the individual Defendant, Griffin somehow has control over a John Joe Corporation. (*See* Paras. 21 through 29 of Complaint). Plaintiff makes the blanket assertion that somehow Griffin had the power to hire and fire Plaintiff and determine the conditions of his employment. *Id.*

Plaintiff then goes on to allege that Plaintiff was employed as a host and general worker at an IHOP restaurant and worked four days a week. (Para. 34, Complaint). Plaintiff also alleges that he was paid $15 an hour. (Para. 36, Complaint).

Plaintiff then alleges that the Defendants (collectively) engaged in a policy of time shaving and requiring employees to work off the clock without pay. (Paras. 37 to 39, Complaint). As a result, Plaintiff maintains that there were minimum wage violations. Plaintiff further alleges that the correct wages and deductions were not identified on the pay statements. (Para. 40, Complaint).

Plaintiff purports to bring this action on behalf himself of all other employees similarly situated for alleged violations of the FLSA an NYLL.

## ARGUMENT

### I.    STANDARD OF REVIEW

In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b) (6), "a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)).  The plausibility standard does not ask whether there is a probability that the claim has merit, but "asks for more than a sheer possibility that a Defendant acted unlawfully."  *Id*.

After a Complaint has been stripped of its conclusory pleadings, the court must determine if the remaining allegations "plausibly give rise to an entitlement to relief."  *Iqbal*, 129 S. Ct. at 1950.  A claim only has facial plausibility if it contains "factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged."  *LeGrand v. Walmart Stores East, LP*, 779 Fed. Appx. 779, 782 (2d Cir. 2019) (quoting *Iqbal*, 129 S. Ct. at 1950).  A Complaint "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, … [n]or does a Complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement."  *Dellatte v. Great Neck Union Free Sch. Dist.*, 48 Fed. Appx. 164, 165 (2d Cir. 2012) (quoting *Iqbal*, 129 S. Ct. at 1949).  In other words, "conclusory allegations or legal conclusions masquerading as factual contentions will not suffice to prevent a motion to dismiss."  *Harvin v. Manhattan & Bronx Surface Transit Operating Auth.*, 767 Fed. Appx. 123, 127 (2d Cir. 2019) (internal citation and quotation marks omitted).

Determining whether a Complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d. Cir. 2011) (citation omitted).  In that regard, plausibility "depends on a host of considerations:  the full factual picture presented by the

3

Complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render [the] Plaintiff's inferences unreasonable." *L-7 Designs Inc.*, 647 F.3d at 430.

Based on the above standard, and as demonstrated more fully below, Plaintiff's claims fail to cross the line from merely possible to plausible. Accordingly, the Complaint should be dismissed.

## II.   GRIFFIN WAS NOT AN EMPLOYER

The FLSA and NYLL provide the wage requirements for employees who are non-exempt and employed by an enterprise engaged in commerce.  29 U.S.C. §201-et. Seq.; NY Lab Law, §652.  Because the relevant sections of these statutes applies to employers, Plaintiff must plead facts plausibly demonstrating that Griffin and a John Doe entity were his employers.  In that regard, Plaintiff has made general allegations that Defendants (collectively) are either a single employer or, in the alternative, a joint employer.

### A.   GRIFFING IS NOT A JOINT EMPLOYER

For some inexplicable reason, Plaintiff has decided to assert claims against Griffin, even though he cannot identify the corporate entity for which he worked.  Plaintiff thus makes conclusory allegations that Griffin was a joint employer with an unknown entity and the collective "Defendants" is used then to make generalized allegations.

However, Griffin is not a joint employer. A "joint employer relationship may be found to exist where there is sufficient evidence that the [purported joint employer] had immediate control over the other company's employees." *NLRB v. Solid Waste Servs.* 38 F.3d 93, 94 (2d Cir. 1994). The relevant factors to the "control" determination include "hiring, firing, discipline, pay, insurance, records, and supervision." *Shiflett v. Scores Holding Co.*, 601 Fed. Appx. 28, 30 (2d

Cir. 2015) (quoting *St. Jean v. Orient-Express Hotels, Inc.*, 963 F. Supp. 2d 301, 308 (S.D.N.Y. 2013)). "**Group pleading will not suffice", and the Plaintiff must allege supporting facts demonstrating an employment relationship between himself and the purported joint employer.** *Lawrence v. Int'l Bus. Mach. Corp.*, 12-cv-8433 (DLC), 2017 WL 3278917 (S.D.N.Y. Aug. 1, 2017) (emphasize added).

In order to determine whether a joint employer relationship exist, Courts use the economic reality" test articulated in *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984). These factors will help determine whether an entity exercised formal control over an employee. The fundamental question is whether each alleged Defendant had the ability to control Plaintiff's employment. S*ampson v. MediSys Health Network, Inc.*, 10-cv-1342 (SJF) (ARL) 2012 WL 3027838 (E.D.N.Y., July 24, 2012). Given the lack of specifics in the Complaint, the test cannot really be performed.

For starters, Plaintiff has yet to identify for which entity, Griffin supposedly handled the employer/employee relations and exercised formal control over the employees.

Plaintiff then goes on to make sure the Complaint includes all the "buzz words" that would satisfy the *Carte*r factors for the finding of a joint employer relationship but fails to provide any substance. For example, Plaintiff alleges that Griffin was an owner/operator of the John Doe entity and does not elaborate how. The fact that Griffin is alleged with be an owner/operator and /or majority shareholder of the John Doe entity without more, is not enough. *Irizarry v. Catsimatidis*, 722 F.3d 99,103, 111 (2d Cir. 2013).  Since plaintiff does not even identify the John Doe entity, how can it be alleged that Griffin is an owner of this unnamed entity. Plaintiff's mere recitation of the 4 *Carter* factors in not entitled to the assumption of truth, and therefore cannot give rise to a

5

plausible inference that Griffin is an "employer". *See Iqbal,* U.S. at 678, *Jiamjun Chun v. 2425 Chao Rest., LLC,* No. 1:16-cv-5735-GHW-2017 WL 260005.

In Paragraphs 16-20, Plaintiff makes general allegations that Griffin determined wages; was an officer of the John Doe Corporation, hires and fires and maintains the records for the John Doe Corporation. Other than those general allegations,x there is not one specific allegation as to what Griffin specifically did with respect to Plaintiff and the purported John Doe entity. Nowhere does Plaintiff allege what if anything Griffin did with respect to Plaintiff. The Complaint in fact appears to go out of its way to not identify who the alleged actors were with respect to Plaintiff's wages. For those reasons, it is respectfully requested that Plaintiff's Complaint as to Griffin be dismissed. *See e.g. Barett v. Michael Stapleton Assocs.,* 17-cv-5468 (AJN) 2018 WL 3962931 (S.D.N.Y. Aug. 17, 2018) (dismissing FLSA and NYLL claims that merely made conclusory allegations and made the same conclusory allegations as to each Defendant*; See also, Orellana v. Real Innovative Construction, L*LC 18 Civ. 8396 (VEC)(RWL) 2020 WL 1033535 (S.D.N.Y. Feb. 6, 2020)(high level conclusory allegations about two entities insufficient); *Santana v. Fishlegs,* 13 Civ. 01628 (LGS), 2013 WL 5951438 (S.D.N.Y. Nov. 7. 2013)(allegations of sharing ownership, operating employment methods and human resources without more is insufficient to state a cause of action under the FLSA).

### B.    GRIFFIN IS NOT A SINGLE EMPLOYER

In similarly generalized terms, Plaintiff alleges in the alternative that Griffin was a single employer. Plaintiff alleges that Griffin operates a John Doe entity and fails to follow corporate formalities and assets and debts are transferred between Griffin and the unnamed John Doe entity. (Complaint, Paras 26-27.)

A single employer situation exists where two separate entities are part of a single integrated entity. *Arculeo v. On-Site Sales & Marketing, LLC*. 425 F.3d 198 (2d Cir, 2005). When considering whether two entities are a single employer, Courts consider 4 factors: (1) interrelationship of operations; (2) centralized control of labor relations, (3) common management and 4) common ownership. *Cook v. Arrowsmith Shelburne, Inc.* 69 F.3d 1240 (2d Cor. 1995). In the case at bar, Plaintiff has not even identified the entity with which Griffin supposedly shared assets or debts or somehow played any role in any aspect of Plaintiff's employment, how Griffin in anyway, shared in the employment decisions. *See, e.g. Popat v. Levy,* 253 F. Supp.3d 527 (W.D.N.Y. 2017) (Plaintiff failed to allege that alleged "employer" had any control of Plaintiff's payment of wages, *inter alia*). In fact, plaintiff has not alleged anywhere how or when Griffin made any decision with respect to his wages.

Plaintiff's claims against Griffin thus fail. Plaintiff has made nothing more than general group allegations and failed to cite to what, if anything, Griffin had to do with his employment or wages.

### III.    THE FIRST & SECOND CLAIMS OF FAILURE TO PAY MINIMUN WAGE MUST BE DISMISSED

In paragraph 39 of the Complaint, Shapiro alleges that he was paid the minimum wage of $15 an hour. Plaintiff also alleges that he worked 30 hour weeks up to May 21, 2022. After May 21, 2022, Shapiro alleges that he worked 18 hour weeks. (Paras, 34-36, Complaint.) Then Plaintiff makes conclusory allegations that there was "time shaving' and he was forced to work off the clock without pay. (Para. 37, Complaint). In his first and second counts of the Complaint, Plaintiff then alleges that he was not paid the minimum wage. (Pages 8-9, Complaint). These bare bone

allegations do not meet the pleading requirements for an FLSA claim under *Iqbal* and *Townbly* and in this Circuit.

Such barebones allegations have been found to be insufficient to withstand a motion to dismiss in the Second Circuit. The Second Circuit has interpreted *Iqbal* and *Twombly* in a series of cases asserting overtime claims under the FLSA to require that a Complaint alleging an overtime claim set forth with specificity 40 hours of work *in a given workweek* as well as some uncompensated time in excess of the 40 hours. *See, e.g.*, *Lundy v. Catholic Health Sys, of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). Plaintiff has made no such allegations. Plaintiff has not identified when he worked overtime without pay, or for how many hours.

Such a Complaint, in this circuit, which consists only of vague allegations of purported entitlement to overtime pay is inadequate and will not survive a motion to dismiss. For example, in *Lundy*, the Plaintiffs alleged that there were 3 types of work for which they were not compensated: (1) 30-minute meal breaks which were "typically" missed or interrupted; (2) uncompensated time before and after her scheduled shifts, "typically" resulting in an additional 15 minutes per shift; and (3) trainings "such as" a monthly staff meeting, "typically" lasting 30 minutes, and respiratory therapy consisting of, "on average," 10 hours per year. *Id*. at 115. Based on these allegations, the Second Circuit affirmed the district court's decision that this generic language was inadequate to plausibly state a claim for unpaid overtime compensation and dismissed the Complaint on those grounds. *Id*. The Second Circuit held that to state a plausible claim under the FLSA for failure to pay overtime, "a Plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of 40 hours." *Id*. *Lundy* thus holds that where a Complaint's lack of specificity invites speculation about the complained of conduct, an FLSA overtime claim is not plausibly pled. *Id*.

8

The Second Circuit reaffirmed this standard in *Nakahata v. New York-Presbyterian Healthcare Sys.* 723 F.3d 192 (2d Cir. 2013). The *Nakahata* Plaintiffs alleged that they "were not compensated for work performed during meal breaks, before and after their shifts, or during required trainings." *Id*. at 201. Additionally, the *Nakahata* Plaintiffs made sweeping allegations that they "regularly" worked in excess of forty hours per week and were not paid for those hours. *Id*. at 199. The Second Circuit found these allegations were insufficient to state a plausible claim under the FLSA and NYLL and affirmed dismissal of the Complaint. *Id.* at 195.

In the case at bar, Plaintiff fails to allege a single, specific work week in which he was allegedly was not paid for all hours worked.   *See e.g., Fridman v. GCS Comptus, LLC*, 17 Civ. 6698, 2018 WL 1581990 (S.D.N.Y. Mar. 27, 2018)`. In fact, Plaintiff alleges that he worked 30 hour week for a bit and then 18 hours a week.  Plaintiff has not even alleged that he worked over 40 hours.  On the contrary, Plaintiff alleges he worked at best a 30 hour week, then an 18 hour week, and was paid $15.00 an hour. Such allegations do not support a claim for unpaid wages or failure to pay minimum wage.

On behalf of a putative class, Plaintiff has done nothing more than recite the statutory language.  Plaintiff alleges that Defendants subjected the FLSA Collective Plaintiff and Class members to practices and procedures where Defendants refused to pay them the legally required overtime wage for all hours worked over 40 hours due to a policy of time-shaving, in violation of the FLSA and NYLL. (Paras, 47-48, Complaint).  This legal conclusion, coupled with Plaintiff's singular, sweeping allegation regarding time shaving lack the specificity of a plausible claim required to withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and should therefore result in the dismissal of the entire Complaint. *DeJesus v. HF Mgmt., Services, LLC,* 726 F.3d 85 (2d

Cir. 2013); *see also, Bustillos v. Acad Bus, LLC*, 13 Civ. 565 (AJN), 2014 WL 116012 (S.D.N.Y. Jan. 13, 2014)

## IV.     THIS COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING CLAIMS

If this Court dismisses the federal claims, it is respectfully submitted that this Court should also dismiss Plaintiff's NYSHRL and NYCHRL claims (Counts 4-5). "A district court 'may decline to exercise supplemental jurisdiction over [a pendent state law claim] if…the district court has dismissed all claims over which it as original jurisdiction.'" *Williams v. N.Y. City Health & Mental Hygiene*, 299 F. Supp. 3d 418, 428 (S.D.N.Y. 2018) (quoting 28 U.S.C. § 1367(c) (3)). "In deciding whether to exercise jurisdiction over supplement state-law claims, district courts should balance the values of judicial economy, convenience, fairness, and comity – the 'Cohill factors.'" *Shi v. N.Y. Dep't of State, Div. of Licensing Servs.*, 393 F. Supp. 3d 329, 343 (S.D.N.Y. 2019) (quoting *Klein & Co. Futures v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006)). "It is well-settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pending jurisdiction over remaining state law claims." *Id.* (quoting *Klein & Co.*, 464 F.3d at 262).

Here, "[d]eclining to exercise supplemental jurisdiction is proper" because has not yet begun, and the case is "far from trial ready" *Shi*, 393 F. Supp. 3d at 343 (citing *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 306-307 (2d Cir. 2003)). Moreover, the statute of limitations on Plaintiff's NYSHRL and NYCHRL claims is three years thus her claims are not time barred. *See Dudley v. N.Y. City. Hous. Auth.*, No. 14 Civ. 5116 (PGG), 2017 WL 4315010 (S.D.N.Y. Sept. 25, 2017). Therefore, this court should decline to exercise supplemental jurisdiction and dismiss Plaintiff's NYSHRL and NYCHRL claims.

**CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety and with prejudice.

Dated: September ___, 2022
      New York, New York

                       Respectfully Submitted,

                       GORDON REES SCULLY
                       MANSUKHANI, LLP

                       By: _____
                       Claudia A. Costa
                       One Battery Park Plaza, 28th Floor
                       New York, NY  10004
                       Tel: (212) 269-5500
                       Fax: (212) 269-5505
                       ccosta@grsm.com

1283955/70535851v.1

11