UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Angel Shapiro, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action*,

                              *Plaintiff*,

      - against -

Trihop 14th Street LLC (d/b/a IHOP), and Edward Scannapieco,

                              *Defendants*.
----------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

**FIRST AMENDED COMPLAINT**

Plaintiff Angel Shapiro ("Plaintiff" or "Shapiro"), on behalf of himself and others similarly situated, by and through his attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to himself and upon information and belief as to others, brings this complaint against Defendants Trihop 14th Street LLC (d/b/a IHOP) (the Corporate Defendant") and Edward Scannapieco (the "Individual Defendant", and collectively with the Corporate Defendant, the "Defendants") and states as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this lawsuit seeking recovery, for himself and all other similarly situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

2. Plaintiff seeks injunctive and declaratory relief and to recover unpaid minimum wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

1

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF ANGEL SHAPIRO**

6. Plaintiff was employed as a host and general worker at Defendants' restaurant located at: 235 East 14th Street, # 237, New York, NY 10003 (the "14th St. IHOP"), from approximately March 27, 2022 to through and including approximately May 21, 2022.

7. Plaintiff was employed as a non-managerial employee for Defendants from March 27, 2022.

8. At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

9. At all relevant times, Plaintiff has been a manual worker within the meaning of NYLL § 191(1)(a).

**DEFENDANT TRIHOP 14th STREET LLC (D/B/A IHOP)**

10. Upon information and belief, Defendant Trihop 14th Street LLC (d/b/a IHOP) is a domestic limited liability company organized and existing under the laws of New York.

11. Upon information and belief, Defendant Trihop 14th Street LLC (d/b/a IHOP) is licensed to do business in the State of New York, and at all relevant times here to, maintained a principal place of business at 235 East 14th Street, # 237, New York, NY 10003.

12. At all times relevant to this Complaint, Defendant Trihop 14th Street LLC (d/b/a IHOP) (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

13. At all times relevant to this Complaint, Defendant Trihop 14th Street LLC (d/b/a IHOP) was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

14. At all times relevant to this Complaint, Defendant Trihop 14th Street LLC (d/b/a IHOP) was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANT EDWARD SCANNAPIECO**

15. Defendant Edward Scannapieco is an individual engaging (or who have engaged) in business within this judicial district during the relevant time period.

16. Defendant Edward Scannapieco is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant.

17. Defendant Edward Scannapieco is the individual owner of the Corporate Defendant, doing business as the IHOP located at 235 East 14th Street, # 237, New York, NY 10003.

18. Defendant Edward Scannapieco possesses or possessed operational control over

the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

19. Defendant Edward Scannapieco determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

20. For example, in or around April 2022 Defendant Edward Scannapieco conducted a staff meeting at the 14th St. IHOP, which Plaintiff attended.

21. At this staff meeting, Defendant Edward Scannapieco discussed Defendants' existing wage, compensation and recordkeeping policies.

22. At this staff meeting, Defendant Edward Scannapieco also discussed the possibility of implementing changes to Defendants' existing wage, compensation and recordkeeping policies.

23. At this staff meeting, Defendant Edward Scannapieco discussed the possibility of changing Defendants' employees', including Plaintiff's, hourly rate of pay from $15 to $10.

24. At this staff meeting, Defendant Edward Scannapieco made statements to Defendants' employees, including Plaintiff, to the effect of, "if you need anything, come to me."

25. At all times relevant to this Complaint, Defendant Edward Scannapieco has been and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

26. Defendants own, operate and/or control the restaurant located at 235 East 14th Street, # 237, New York, NY 10003 (*i.e.,* the 14th St. IHOP).

27. The Individual Defendant possesses operational control over the Corporate Defendant, possesses an ownership interest in the Corporate Defendant, and controls significant

functions of the Corporate Defendant.

28. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29. Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

30. Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31. In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

32. Upon information and belief, the Individual Defendant operates the Corporate Defendant as either an alter ego of himself, and/or fails to operate the Corporate Defendant as an entity legally separate and apart from himself, by, among other things:

    a. failing to adhere to the corporate formalities necessary to operate the Corporate Defendant a separate and legally distinct entity;

    b. defectively forming or maintaining the Corporate Defendant, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

    c. transferring assets and debts freely as between all Defendants;

    d. operating the Corporate Defendant for their own benefit as the majority

   shareholder;

 e. operating the Corporate Defendant for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

 f. intermingling assets and debts of their own with the Corporate Defendant;

 g. diminishing and/or transferring assets of the Corporate Defendant to protect their own interests; and

 h. other actions evincing a failure to adhere to the corporate form.

33. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

34. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

35. Plaintiff and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, hourly paid position, during the statutory period.

36. Plaintiff and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

37. Plaintiff was an employee of Defendants.

38. Plaintiff was employed as host and general worker at IHOP from approximately March 27, 2022.

39. From approximately March 27, 2022 to, through and including, May 20, 2022, Plaintiff worked at IHOP four (4) days per week as follows: 10:00 p.m. to 7:00 a.m. (*i.e.,* 9 hours per day), Saturdays and Sundays, and 8:00 a.m. to 2:00 p.m. (*i.e.,* 6 hours per day), Mondays and

Wednesdays, for a total period of approximately 30 hours during each of the weeks, respectively.

40. From March 27, 2022 to, through and including May 20, 2022, Shapiro was paid $15 per hour.

41. At all times relevant herein, Defendants had a policy and practice commonly known as "time shaving". Specifically, whenever Plaintiff, and other similarly situated employees, would work overnight shifts (*e.g.,* Plaintiff's Saturday and Sunday shifts), Defendants would force Plaintiff, and other similarly situated employees, to clock out at 6:00 a.m., despite the fact that they would not finish their overnight shifts until approximately 7:00 a.m.

42. After clocking out at 6:00 a.m., Plaintiff, and other similarly situated employees, were required to, *inter alia*: (i) pull sugar packets off of tables; (ii) restock sugar packets, strawberries, and blueberries; (iii) roll silverware; (iv) seat guests; (v) attend to the host stand; (vi) pack to-go orders; (vii) give orders to third-party delivery drivers from Uber or Doordash,

43. As a result, Plaintiff, and other similarly situated employees, were forced to work off the clock, without pay, during this period.

44. Based on Plaintiff's personal observations and direct conversations with co-workers (*to wit*: Shaunte Crutchfield, Imani Armstrong, Jarryd Smith, and Donald Alston), other workers employed by Defendants similarly suffered from Defendants' common policy of time shaving, and failing to pay proper wages for all hours worked.

45. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

46. Defendants did not state the correct gross wages, as defined by NYLL, for any employee on any pay statement as required by NYLL or deductions from the correct gross wages.

47. Plaintiff was not required to keep track of his time, nor to his knowledge, did the

Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

48. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

49. Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

50. Defendants did not give any notice to Plaintiff of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

51. Defendant's failure to provide accurate wage notices and accurate wage statements denied Plaintiff his statutory right to receive true and accurate information about the nature of his employment and related compensation policies.

52. Moreover, the breach of the obligations injured Plaintiff by denying him the right to know the conditions of his compensation and resulted in the underpayment of wages averred above.

53. At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-half times his hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

54. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to hosts and general workers) employed by Defendants on or after the date that is three years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

55. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and

have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required minimum wages for all hours worked. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

56. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants

57. Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

58. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

59. Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

60. Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiff.

61. Due to Defendants' violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*.)

62. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

63. Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the NYLL §650 *et seq*.

64. Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff.

65. Due to Defendants' violations of the NYLL, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

## THIRD CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

66. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

67. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

68. In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the

name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

69. Due to Defendants' violations of NYLL §195 (1), Plaintiff is entitled to recover his liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## FOURTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

70. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

71. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

72. As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

    a.    authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as

nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages;

b. certification of this case as a collective action pursuant to the FLSA;

c. issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Plaintiffs;

d. declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e. declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

f. awarding Plaintiff unpaid minimum wages;

g. awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

h. awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

i. awarding Plaintiff pre- and post-judgment interest under the NYLL;

j. awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

k. Such other relief as this Court deems just and proper.

Dated: New York, New York
September 28, 2022                          Respectfully submitted,


                                            By: /s/ Joshua Levin-Epstein
                                                Joshua Levin-Epstein
                                                Jason Mizrahi
                                                Levin-Epstein & Associates, P.C.
                                                60 East 42nd Street, Suite 4700
                                                New York, New York 10165

Tel: (212) 792-0046
Email: Joshua@levinepstein.com
*Attorneys for the Plaintiff and proposed FLSA Collection Action Plaintiffs*