CLAUDIA A. COSTA
CCOSTA@GRSM.COM
DIRECT DIAL: (212) 453-0779



ATTORNEYS AT LAW
1 BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NY 10004
WWW.GRSM.COM

October 3, 2022

**VIA EMAIL & ECF**
The Honorable Jesse M. Furman, USDJ
U.S. District Court
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

      Re:   *Shapiro v. John Doe Corp. I et al.*
              Docket No: S1:22-cv-05022-JMF

Dear Hon. Judge Furman:

      This law firm represents the Defendants in the above captioned matter. This letter is submitted to Your Honor in connection with the proposed Amended Complaint submitted by Plaintiff. As more fully set forth herein, it is respectfully submitted that Plaintiff has not cured the deficiencies contained in the original Complaint and therefore, it is respectfully requested that this matter be dismissed in its entirety.

      The Plaintiff in this matter filed a Complaint on or about June 15, 2022. Plaintiff purported to bring this action on behalf of himself and others similarly situated. Plaintiff alleged violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL") for alleged failure to pay overtime, minimum wage and failure to provide wage notices. Plaintiff brought the action against a Venice Griffin and a John Doe corporation.

      Thereafter, Defendants made a motion to dismiss the Complaint arguing *inter alia*, that Plaintiff failed to state a cause of action against the individual Defendant and also failed to properly plead a cause of action under the FLSA. Given same, Defendants also argued that this Court should not exercise pendant jurisdiction over the NYLL claims.

October 3, 2022
Page 2

This Court ordered Plaintiff to amend its Complaint. Plaintiff submitted a proposed Amended Complaint which does not cure the deficiencies raised in the motion to dismiss. Therefore, as more fully set forth herein, Defendants respectfully request that the Amended Complaint be dismissed with prejudice.

Defendants respectfully refer the Court to the motion to dismiss they filed and in particular pages 7-9 of Defendants' Memorandum of Law. The crux of Plaintiff's Amended Complaint is that he and others similarly situated were not paid minimum wage or overtime because of alleged "time shaving" practices. But, Plaintiff did not (and cannot) alleged the basic elements required for such claims. Plaintiff has alleged that he worked a 30 hour week and was paid $15.00 an hour. (Paragraph 39 of Amended Complaint) By Plaintiff's own admissions, he did not even work a 40 hour week. A plaintiff must allege that he worked 40 hours of work in a given workweek as well as some uncompensated time in excess of 40 hours for a claim of failure to pay overtime. *Lundy v, Catholic Health Systems of Long Island, Inc*. 711 F.3d 106, 114 (2d Cir.2013).

Furthermore, accepting Plaintiff's allegations as true, he thus worked a 30 hour week and then without further elaboration or specificity, Plaintiff alleges that he was forced to work an extra hour when he worked the overnight shifts on Saturday or Sunday. (Paras. 41 and 42 Amended Complaint). Plaintiff does not allege when that allegedly occurred, i.e. what weekends. But, even if true that means Plaintiff worked 31 hours—still Plaintiff would have failed to allege that he worked a 40 hour week. In fact, the Amended Complaint is devoid of when exactly it was that Plaintiff allegedly did not get paid $15 an hour.

That is the only meat that Plaintiff attempted to put on the barebones of his pleading --that when he allegedly worked an overnight shift on a weekend, he allegedly worked one hour off the clock. When that allegedly occurred is anyone's guess.

Plaintiff continues to speak in generalities and changed nothing to support claims by a class. The claims for the purported class remain the same. (Paras. 54-56, Proposed Amended Complaint) The only effort to add to those claims is made by Plaintiff alleging that he spoke to 4 other employees who allegedly suffered from alleged time shaving and failure to pay proper wages for hours worked. Again, the Plaintiff failed to set forth when this occurred and, in this circuit, where the complaint lacks of specificity, this invites speculation of the complaint of conduct and as such, and FLSA overtime claim is not plausibly pled. *DeJesus v. HF Mgmt., Services, LLC*, 726 F.3d 85 (2d Cir.2013); *see also*, *Nakahata v. New York Presbyterian Healthcare, Sys*, 723 F.3d 192 (2d Cir. 2013).

Defendants respectfully submit that Plaintiff has not cured the deficiencies in his Complaint and as such, respectfully request the matter should be dismissed with prejudice. Since the federal claims fails, it is respectfully requested that this Court not exercise pendent jurisdiction.

October 3, 2022
Page 3

      Plaintiff also appears to have withdrawn his claims against Ms. Griffin. Plaintiff has now added Mr. Ed Scannapieco. Again, the Plaintiff has made sweeping broad allegations that Mr. Scannapieco is a joint employer because he held a couple of staff meetings. (Paras 20-24, Proposed Amended Complaint) This is a far cry from what is required for the joint employer doctrine to apply. Defendants reserve the right to move to dismiss the claims against Mr. Scannapieco individually because it is respectfully submitted that this Court it consider Defendants" motion to dismiss previously filed as applied to the Amended Complaint and dismiss the matter in its entirety with prejudice.

                                                Respectfully Submitted,

                                                GORDON REES SCULLY MANSUKHANI, LLP

                                                *Claudia A. Costa*
                                                Claudia A. Costa

cc:     All counsel of record via ECF