CLAUDIA A. COSTA
CCOSTA@GRSM.COM
DIRECT DIAL: (212) 453-0779



ATTORNEYS AT LAW
1 BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NY 10004
WWW.GRSM.COM

October 27, 2022

**VIA EMAIL & ECF**
The Honorable Jesse M. Furman, USDJ
U.S. District Court
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

    Re:   *Shapiro v. John Doe Corp. I et al.*
              **Docket No: S1:22-cv-05022-JMF**

Dear Hon. Judge Furman:

    This law firm represents the Defendants in the above captioned matter. Kindly accept this letter in response to the letter submitted by Plaintiff on the return date of the order to show cause entered by this Court on October 20, 2022. (Docket Entry 36)

    For the reasons set forth below, it is respectfully submitted that this Court dismiss the Amended Complaint with prejudice at this juncture. The letter submitted by the Plaintiff is not in opposition to the motion to dismiss, but respectfully, another effort to delay this matter even further.

    On September 6, 2022, Defendants filed a motion to dismiss the complaint. (Docket Entries 23-25) In accordance with Your Honor's rules, the motion was submitted without the need for a letter requesting permission to file a motion to dismiss.

    The very next day, this Court entered an Order requiring the Plaintiff to amend the complaint by September, 27, 2022. (Docket Entry 26) The Court specifically ordered that the Plaintiff would not be given any further opportunity to amend the complaint to address the issues raised by the motion to dismiss. If an amended complaint was not to be filed the Plaintiff had to file an opposition to the motion to dismiss by September 27, 2022. (Docket Entry 26).

    On September 27, 2022, the Plaintiff filed an Amended Complaint. (Docket Entry 29). The Amended Complaint did not follow Your Honor's rules requiring that a redlined copy of the amended pleading be provided to the Court. (Docket Entry 32) Plaintiff thus submitted a redlined copy on October 29, 2022. (Docket Entry 33).

October 27, 2022
Page 2

On October 3, 2022, Defendants filed a letter with the Court advising that the Amended Complaint did not cure the deficiencies addressed in the motion to dismiss and that the motion to dismiss should proceed as filed. The arguments raised in the motion to dismiss were to respectfully be applied to the Amended Complaint. (Docket Entry 35).

October 20, 2022 this Court entered an order to show cause that required the Plaintiff to show good cause in writing why Defendant's motion to dismiss should not be deemed as unopposed. If the Plaintiff failed to show good cause why Plaintiff did not oppose a motion to dismiss or indicate the intention to proceed with a lawsuit, the Court would either grant the motion to dismiss as unopposed or dismiss the case for abandonment or failure to prosecute. (Docket Entry number 36). Plaintiff had up and until October 27, 2022 to show cause.

On the very last day by which the Plaintiff had to respond, October 27, 2022, Plaintiff filed a letter with this Court that does not show good cause as to why the motion to dismiss should be deemed unopposed or why the case should not be dismissed for abandonment. Instead, the Plaintiff filed a letter making arguments that do not even comply with Your Honor's rules of this Court. (Docket Entry 37).

The submission by Plaintiff does not provide good cause as to why the motion to dismiss should be deemed as unopposed. Instead, it raises arguments on the Defendants' letter submission of October 3, 2022. The letter submitted by Defendants stated that the deficiencies that were to be cured by the Amended Complaint were not cured. As such, Defendants were relying on the original motion to dismiss to dismiss the Amended Complaint. Defendants were not required to file a letter requesting leave to file a motion to dismiss. That is not one of Your Honor's rules.

The Plaintiff was ordered to amend the complaint to cure the deficiencies that were addressed in the motion to dismiss. Plaintiff did not. To date, Plaintiff has not opposed any of those arguments. Accordingly, it is respectfully requested that the motion to dismiss be granted and the Amended Complaint be dismissed with prejudice.

This Court has given the Plaintiff several opportunities to proceed with a properly pled Complaint. Indeed, Defendants filed a letter relying on their original moving papers on October 3, 2022. Yet, the Plaintiff never bothered to respond to the raises issues therein until this Court entered an order to show cause. The on the very last day, Plaintiff filed a letter with the Court wherein Plaintiff contradicts very own argument it makes and moves to strike Defendants' motion.

At this juncture, it is respectfully submitted that Plaintiff's Amended Complaint be dismissed with prejudice. This Court has provided deadlines which were not met by the Plaintiff and when forced to actually respond, the Plaintiff waited until the very last day to submit a letter which in and of itself contradicts the very arguments made in that letter. Plaintiff's letter is certainly not an opposition to a motion to dismiss.

October 27, 2022
Page 3

To the extent the Court would entertain the arguments raised in the October 27th letter submitted by the Plaintiff, it is respectfully submitted that in the interest of avoiding any further delay, that the Court consider the pending motion to dismiss, as well as the October 3, 2022 letter submitted by the Defendants since it would either be the subject of a new motion to dismiss or a reply brief.

We thank the Court for its consideration to this matter.

Respectfully Submitted,

GORDON REES SCULLY
MANSUKHANI, LLP

*Claudia A. Costa*
Claudia A. Costa

cc: All counsel of record via ECF

The Court agrees that Plaintiff could have and should have handled this differently, either complying with the Court-ordered deadline to respond or seeking relief (or clarification) in light of Defendants' letter of October 3, 2022. That said, and upon reflection, the Court agrees with Plaintiff that Defendants' letter of October 3, 2022, was procedurally improper and not in compliance with the Court's Order insofar as it made new arguments and purported to reserve the right to move to dismiss on behalf of another Defendant. Defendants shall, no later than **November 10, 2022**, file a new motion to dismiss, raising any and all arguments they wish to make as to the Amended Complaint; any opposition shall be filed by **November 29, 2022**; and any reply shall be filed by **December 6, 2022**. Defendants' first motion is DENIED as moot, and the Clerk of Court is directed to terminate ECF No. 23.

SO ORDERED.

October 28, 2022