UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGEL SHAPIRO, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

                *Plaintiff,*

                *-against-*

TRIHOP 14th STREET LLC (d/b/a IHOP), and EDWARD SCANNAPIECO,

                *Defendants.*

Hon. Jesse M. Furman, U.S.D.J.

Civil Action No. 1:22-cv-5022-JMF

## **DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF**

## **THE MOTION TO DISMISS THE AMENDED COMPLAINT**

**GORDON, REES, SCULLY, & MANSUKHANI, LLP**

Claudia Costa
One Battery Park Plaza, 28th Floor
New York, NY 10004
(212)-453-0779
*Attorney for Defendants*

**TABLE OF CONTENTS**

Page

Preliminary Statement ................................................................................................................ 1

ARGUMENT ................................................................................................................................ 2

    i.     PLAINTIFF HAS FAILED TO ALLEGE VIOLATIONS OF THE FLSA ........... 2

    II.    Plaintiff ADMITS THAT HE HAS FAILED TO MAKE LITTLE MORE THAN BOILERPLATE ALLEGATIONS OF JOINT EMPLOYER ..................... 4

    III.   THIS COURT SHOULD NOT EXERcISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING CLAIMS ......................... 5

CONCLUSION ............................................................................................................................. 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Carter v. Dutchess Cmty. Coll.*,
 735 F.2d 8 (2d Cir. 1984) ................................................................................................. 4

*K.D. ex rel. Duncan v. White Plains Sch. Dist.*,
 921 F. Supp. 2d 197 (S.D.N.Y. 2013) ............................................................................... 3

*Means v. City of N.Y.*,
 No. 15-cv-4855 (KBF), 2016 U.S. Dist. LEXIS 45865 (S.D.N.Y. Apr. 5, 2016) .............. 3

*Olvera v. Bareburger Grp. LLC*,
 73 F. Supp. 3d 201 (S.D.N.Y. 2014) ................................................................................. 4

*Pani v. Empire Blue Cross Blue Shield*,
 152 F.3d 67 (2d Cir. 1998) ................................................................................................ 2

*Vioni v. Providence Inv. Mgmt., LLC*,
 648 F. App'x 114 (2d Cir. 2016) ....................................................................................... 3

*Williams v. N.Y. City Health & Mental Hygiene*,
 299 F. Supp. 3d 418 (S.D.N.Y. 2018) ............................................................................... 5

*Wright v. Ernst & Young LLP*,
 152 F.3d 169 (2d Cir. 1998) .............................................................................................. 3

*Zheng v. Liberty Apparel Co.*,
 355 F.3d 61 (2d Cir. 2003) ................................................................................................ 4

**Statutes**

28 U.S.C. § 1367(c)(3) ............................................................................................................. 5

**Preliminary Statement**

Rather than address the deficiencies in his Amended Complaint, Plaintiff resorted to *ad hominem* attacks against the Defendants. The Plaintiff begins his opposition to the motion to dismiss by alleging that Defendants are somehow engaging in "corporate immorality" and "graft."

For starters, Plaintiff is suing a local New York City restaurant, a franchisee. Second, and perhaps most importantly, the pleading standards set forth by the Supreme Court and this circuit are not referred to as "corporate immoralities," but the standards to which a Plaintiff must adhere.

This Court provided the Plaintiff with the opportunity to amend the Complaint and fix the infirmities contained therein. Yet Plaintiff has not. The face of the Complaint is clear. Plaintiff alleged that he worked a 30-hour week and was paid $15.00 an hour. *See* Amended Complaint ("Amend. Compl.") ¶¶ 39-41. That is not a violation of the Fair Labor Standards Act ("FLSA"). Plaintiff tries to avoid dismissal by now arguing facts which he never pled (and are denied). However, Plaintiff cannot escape his own deficient pleadings.

Plaintiff's Amended Complaint as filed makes allegations of time shaving "whenever" he and others allegedly worked a night shift. Plaintiff, to date, has yet to define "whenever" and thus is trying to avoid dismissal. Since he cannot, Plaintiff now asserts facts not contained in the Amended Complaint.

This Court has given Plaintiff leave to amend with a caution that further amendments would not be permitted. Plaintiff should not be permitted to continue to try and create a claim against Defendants where none exists. It is therefore respectfully requested that Plaintiff's Amended Complaint be dismissed with prejudice.

**ARGUMENT**

I.  **PLAINTIFF HAS FAILED TO ALLEGE VIOLATIONS OF THE FLSA**

In response to the motion to dismiss, Plaintiff has made arguments and inserted facts that are not even in his Amended Complaint. Plaintiff's Amended Complaint is clear. According to the Plaintiff, from approximately March 27, 2022 through May 20, 2022, he worked at a local IHOP franchise four days a week for approximately 30 hours during each week. Amend. Compl. ¶ 39.

Plaintiff then goes on to allege that between that same time periods, March 27, 2022 through May 20, 2022, he was paid $15.00 an hour. Amend. Compl. ¶ 40. These allegations do not set forth the claim for violations of any wage and hour laws for failure to pay minimum wage.

As filed, in the Amended Complaint, Plaintiff then goes on to allege that "whenever" he and other similarly situated employees worked an overnight shift, they were forced to clock out at 6 a.m. and they would not finish their overnight shifts until approximately 7 a.m. Amend. Compl. ¶ 41. Plaintiff claims that he and other similarly situated employees were required to pull sugar packets off the tables, restock the sugar packets, and perform other tasks after having clocked out. Amend. Compl. ¶42. Plaintiff still does not allege when these events allegedly took place. Plaintiff just makes general allegations of time shaving.

In the face of the motion to dismiss, Plaintiff has come up with new facts – not only have they not been pled, but are not even alleged to be applicable to the purported collective class. Plaintiff now claims that he was only paid for a 28-hour work week, something which is alleged nowhere in the Amended Complaint. The specific allegations in the Amended Complaint are that he worked a 30-hour work week and was paid $15.00 an hour.

On a motion to dismiss, a court's review is limited to the allegations within the four corners of a Plaintiff's Complaint. *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998). A Plaintiff is not permitted to interpose new factual allegations or a new legal theory in opposing

2

a motion to dismiss. *See Vioni v. Providence Inv. Mgmt.*, LLC, 648 F. App'x 114, 117 (2d Cir. 2016) (since Plaintiff does not make certain allegations in its Amended Complaint, it cannot now amend its pleadings through opposition papers); *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (holding that a Plaintiff is not entitled to amend its Complaint through statements made in its motion papers); *K.D. ex rel. Duncan v. White Plains Sch. Dist.*, 921 F. Supp. 2d 197, 209 (S.D.N.Y. 2013) ("Plaintiffs cannot amend their Complaint by asserting new facts or theories for the first time in opposition to Defendants' motion to dismiss."); *Means v. City of N.Y.*, No. 15-cv-4855 (KBF), 2016 U.S. Dist. LEXIS 45865, at *10-11 n.5 (S.D.N.Y. Apr. 5, 2016) (finding that Plaintiff had an opportunity to file a motion for leave to amend her Complaint, but chose not to do so and thus may not now attempt to amend through allegations contained only in her opposition brief where the facts alleged are external to the Amended Complaint and there is no basis to find they are incorporated by reference into it).

Plaintiff's Amended Complaint makes general allegations of time shaving. And, what is clearly alleged is that he worked 30 hours a week for $15.00 an hour. That is what the Court has before it and those allegations do not support a claim for violations of the FLSA. The newly inserted facts, even if they could be considered also do not make reference to how they supposedly apply to others allegedly similarly situated.

However, even if the Court found it were appropriate to consider these new allegations in relation to Defendants' motion (and respectfully, it should not), it also bears pointing out that the new allegations that Plaintiff has inserted by way of opposition to the motion are still vague. Plaintiff has failed to allege with specificity "whenever" it was that the alleged time shaving took place. In other words, Plaintiff's Amended Complaint did not cure the deficiencies from his original Complaint.

For all the aforementioned reasons, it is respectfully requested that the Amended Complaint be dismissed with prejudice.

## II.   PLAINTIFF ADMITS THAT HE HAS FAILED TO MAKE LITTLE MORE THAN BOILERPLATE ALLEGATIONS OF JOINT EMPLOYER

In opposition to the motion to dismiss, Plaintiff repeats his barethread allegations that a joint employer situation exists. Plaintiff admits that he has alleged that general "buzz words" for the finding of a joint employer. Then, Plaintiff admits that the only specifics he gave is that Defendant Scannapieco had a meeting with employees. (Paras 21-24, Amended Complaint). No other factual support was provided.

There are many people who on any given day have meetings with employees and describe the hours and the wages—that without more does not render them "employers". The economic realities test requires more.

To establish that all of the Defendants were Plaintiffs' "joint employer" under the FLSA or NYLL, Plaintiffs would have to plead and prove that the Defendants "permitted" or "suffered" them to work as a matter of "economic reality." *See Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 66 (2d Cir. 2003); *see also, e.g., Olvera v. Bareburger Grp. LLC*, 73 F. Supp. 3d 201, 206 (S.D.N.Y. 2014) (noting that "Courts in this District have regularly applied the same tests to determine, under the FLSA and NYLL, whether entities were joint employers" and collecting cases). Several factors guide that analysis: whether the purported employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Zheng*, 355 F.3d at 67 (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984).

That is the test and well established. Now in order to apply that test, the Court will review the totality of the circumstances and determine whether a "joint employer" situation exists. As stated, above there are simply not enough facts alleged to render all the Defendants joint employers. Indeed, Plaintiff has not even alleged that he was hired or fired by Scannapieco, let along that he made any decisions regarding Plaintiff's employment. The only specific act attributed to Scannapiecco is that he held a meeting in April of 2022. It is respectfully submitted that this is not enough to establish that Scannapieco is a joint employer (or employer).

### III. THIS COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING CLAIMS

As previously argued, if this Court dismisses the federal claims, it is respectfully submitted that this Court should also dismiss Plaintiff's claims under New York Labor Law (Counts 4-5). "A district court 'may decline to exercise supplemental jurisdiction over [a pendent state law claim] if…the district court has dismissed all claims over which it as original jurisdiction.'" *Williams v. N.Y. City Health & Mental Hygiene*, 299 F. Supp. 3d 418, 428 (S.D.N.Y. 2018) (quoting 28 U.S.C. § 1367(c)(3)).

### CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's Amended Complaint in its entirety and with prejudice.

```
```

Dated: December 9, 2022
       New York, New York

                                        Respectfully Submitted,

                                        GORDON REES SCULLY
                                        MANSUKHANI, LLP

                                        By: */s/Claudia A. Costa*
                                        Claudia A. Costa, Esq.
                                        One Battery Park Plaza, 28th Floor
                                        New York, NY 10004
                                        Tel: (212) 269-5500
                                        Fax: (212) 269-5505
                                        ccosta@grsm.com