UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
ANGEL SHAPIRO, :
:
Plaintiff, :
: 22-CV-5022 (JMF)
-v- :
: MEMORANDUM OPINION
TRIHOP 14TH STREET LLC et al., : AND ORDER
:
Defendants. :
:
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

  Plaintiff Angel Shapiro brings claims against his putative former employers, the owners and operators of an IHOP in Manhattan, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law.  The gravamen of Shapiro's FLSA claim is that Defendants engaged in "time shaving" — that is, that they failed to pay him for some hours that he worked.  *See* ECF No. 31 ("FAC"), ¶¶ 41-43; ECF No. 42 ("Pl.'s Opp'n"), at 3-4.  But Shapiro concedes that, even accounting for the allegedly shaved time, he made more than the federal minimum wage of $7.25.  *See* Pl.'s Opp'n 5 ("Plaintiff's rate of pay during the weeks [at issue] . . . averages out to $14 [per hour]."); FAC ¶¶ 39-41 (alleging Shapiro worked for 30 hours a week at $15 per hour but was paid for only 28 hours of work).  That dooms his claims under the FLSA, as "courts in this Circuit have uniformly rejected" time-shaving claims in such circumstances, "holding that as long as a Plaintiff's average wage exceeds the federal minimum wage, it does not matter how that average is calculated."  *Alfonso v. Mougis Logistics Corp.*, No. 21-CV-5302 (LJL), 2021 WL 5771769, at *4 (S.D.N.Y. Dec. 6, 2021) (citing cases); *see Baldia v. RN Express Staffing Registry LLC*, — F. Supp. 3d —, 2022 WL 4777836, at *13 (S.D.N.Y. 2022) (explaining that under the FLSA "an employee cannot state a claim for a minimum wage

violation unless [his] average hourly wage falls below the minimum wage" (cleaned up)); *cf. Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 116 (2d Cir. 2013) ("So long as an employee is being paid the minimum wage or more, [the] FLSA does not provide recourse for unpaid hours below the 40-hour threshold . . . ."). Accordingly, Defendants' motion to dismiss Shapiro's FLSA claims, *see* ECF Nos. 40-41, must be and is GRANTED.

Whether Shapiro's allegations state a claim under New York law is a question for the state courts, as there is no basis for this Court to exercise supplemental jurisdiction over his state-law claims given the posture of this case and dismissal of his only federal claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims."); *see also Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. The Clerk of Court is directed to terminate ECF No. 41, to enter judgment consistent with this Memorandum Opinion and Order, and to close the case.

SO ORDERED.

Dated: March 24, 2023
      New York, New York
                                                    JESSE M. FURMAN
                                            United States District Judge